**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ROBERT JOHNSON, | |
| Plaintiff, | |
| v. | Case No. 8:13-CV-01006-PWG |
| CORINTHIAN COLLEGES, INC., *et al.* | |
| Defendants. | |

**ANSWER OF DEFENDANTS CORINTHIAN COLLEGES, INC. AND RHODES COLLEGES, INC. TO COMPLAINT FOR DAMAGES**

Defendants Corinthian Colleges, Inc. ("Corinthian"), and Rhodes Colleges, Inc. ("Rhodes"), collectively referred to herein as "Defendants," by and through their counsel of record, respond to the Complaint filed by plaintiff Robert Johnson ("Plaintiff") in this action by admitting, denying and alleging as follows:

1.      Answering Paragraph 1 of the Complaint, Defendants admit that Plaintiff has purported to seek damages against Defendants due to alleged retaliation in violation of the False Claims Act, 31 U.S.C. section 3730(h), but denies that Plaintiff has stated a valid claim, that Plaintiff was harmed in any way by any act or omission of Defendants or any of their agents or employees, or that Plaintiff is entitled to damages in any amount.  Except as expressly admitted above, Defendants deny, generally and specifically, each and every allegation contained in Paragraph 1.

2.      Answering Paragraph 2 of the Complaint, Defendants admit that Corinthian is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707.

Defendants further admit that Corinthian currently operates for-profit institutions of higher education, and that it is publicly traded on NASDAQ under the symbol COCO.  Except as so admitted, Defendants deny, generally and specifically, each and every allegation contained in Paragraph 2.

3.      Answering Paragraph 3 of the Complaint, Defendants admit that Rhodes is a corporation with its principal place of business at 6 Hutton Centre Drive, Suite 400, Santa Ana, California.  Defendants further admit that Rhodes is a wholly-owned subsidiary of Corinthian, and that it does businesses at campuses under the name Everest College and/or Everest Institute. Except as so admitted, Defendants deny, generally and specifically, each and every allegation contained in Paragraph 3.

4.      Answering Paragraph 4 of the Complaint, Defendants admit that Robert Johnson was at one time employed as the Campus President of Defendants' Everest Institute Campus in Silver Spring, Maryland, and that such employment relationship has been terminated. Defendants are without knowledge sufficient to form a belief as to the residence of Robert Johnson, and on that basis deny the allegation regarding his residency.  Except as admitted herein, Defendants deny each and every allegation contained in Paragraph 4.

5.      Answering Paragraph 5 of the Complaint, Defendants admit that this Court has federal subject matter jurisdiction over this action, but Deny that Plaintiff has stated a valid claim or that Plaintiff is entitled to any recovery.

6.      Answering Paragraph 6 of the Complaint, Defendants admit that this Court has jurisdiction over Corinthian and Rhodes, and that Corinthian and Rhodes have transacted business in this District and continue to do so.

7.      Answering Paragraph 7 of the Complaint, Defendants admit that venue is appropriate in this District and that Defendants have transacted business in this District and continue to do so.  Defendants deny that the "incidents giving rise to this action" occurred as alleged, and deny that any events took place, in this District or otherwise, giving rise to any right to recovery by Plaintiff.

8.      Answering Paragraph 8 of the Complaint, Defendants admit that the HEA and the regulations thereunder apply generally to students and to educational institutions, but assert that Plaintiff's characterization of the HEA constitutes a legal argument and conclusion that is improper in a complaint, and deny such characterization on that ground.

9.      Answering Paragraph 9 of the Complaint, Defendants admit that Title IV of the HEA imposes certain requirements upon educational institutions, but assert that Plaintiff's characterizations of Title IV and of the "Federal Pell Grant" and "Federal Direct Loan Programs" constitute legal arguments and conclusions that are improper in a complaint, and deny such characterizations on that ground.

10.     Answering Paragraph 10 of the Complaint, Defendants admit that Title IV HEA funds, and their receipt by educational institutions, are subject to various regulatory requirements, but assert that Plaintiff's characterizations of Title IV and of the "Program Participation Agreement" constitute legal arguments and conclusions that are improper in a complaint, and deny such characterizations on that ground.

11.     Answering Paragraph 11 of the Complaint, Defendants assert that the allegations contained therein constitute improper legal conclusions and arguments, and that the allegations are unintelligible in that they relate, at least in part, to unnamed "institutions" and "students" and

agents of the "federal government" that are outside of Defendants' knowledge, and Defendants deny the allegations contained in Paragraph 11 on those grounds.

12.     Answering Paragraph 12 of the Complaint, Defendants assert that the allegations contained therein constitute improper legal conclusions and arguments, and deny the allegations contained in Paragraph 12 on that ground.

13.     Answering Paragraph 13 of the Complaint, Defendants assert that the allegations contained therein constitute improper legal conclusions and arguments, and deny the allegations contained in Paragraph 13 on that ground.

14.     Answering Paragraph 14 of the Complaint, Defendants assert that the allegations contained therein constitute improper legal conclusions and arguments, and deny the allegations contained in Paragraph 14 on that ground.

15.     Answering Paragraph 15 of the Complaint, Defendants assert that the allegations contained therein constitute improper legal conclusions and arguments, and deny the allegations contained in Paragraph 15 on that ground.

16.     Answering Paragraph 16 of the Complaint, Defendants assert that the allegations contained therein constitute improper legal conclusions and arguments, and deny the allegations contained in Paragraph 16 on that ground.

17.     Answering Paragraph 17 of the Complaint, Defendants assert that the allegations contained therein constitute improper legal conclusions and arguments, and deny the allegations contained in Paragraph 17 on that ground.

18.     Answering Paragraph 18 of the Complaint, Defendants assert that the allegations contained therein constitute improper legal conclusions and arguments, and deny the allegations contained in Paragraph 18 on that ground.

19.     Answering Paragraph 19 of the Complaint, Defendants assert that the allegations contained therein constitute improper legal conclusions and arguments, and deny the allegations contained in Paragraph 19 on that ground.

20.     Answering Paragraph 20 of the Complaint, Defendants assert that the allegations contained therein constitute improper legal conclusions and arguments, and deny the allegations contained in Paragraph 20 on that ground.

21.     Answering Paragraph 21 of the Complaint, Defendants assert that the allegations contained therein constitute improper legal conclusions and arguments, and deny the allegations contained in Paragraph 21 on that ground.

22.     Answering Paragraph 22 of the Complaint, Defendants assert that the allegations contained therein constitute improper legal conclusions and arguments, and deny the allegations contained in Paragraph 22 on that ground.

23.     Answering Paragraph 23 of the Complaint, Defendants assert that the allegations contained therein constitute improper legal conclusions and arguments, and deny the allegations contained in Paragraph 23 on that ground.

24.     Answering Paragraph 24 of the Complaint, Defendants assert that the allegations contained therein constitute improper legal conclusions and arguments, and deny the allegations contained in Paragraph 24 on that ground.

25.     Answering Paragraph 25 of the Complaint, Defendants assert that the allegations contained therein constitute improper legal conclusions and arguments, and deny the allegations contained in Paragraph 25 on that ground.

26.     Answering Paragraph 26 of the Complaint, Defendants assert that the allegations contained therein constitute improper legal conclusions and arguments, and deny the allegations contained in Paragraph 26 on that ground.

27.     Answering Paragraph 27 of the Complaint, Defendants assert that the allegations contained therein constitute improper legal conclusions and arguments, and deny the allegations contained in Paragraph 27 on that ground.

28.     Answering Paragraph 28 of the Complaint, Defendants assert that the allegations contained therein constitute improper legal conclusions and arguments, and deny the allegations contained in Paragraph 28 on that ground.

29.     Answering Paragraph 29 of the Complaint, Defendants admit that Plaintiff worked at one time for Defendants, and that his employment included a period as the Campus President at Everest's Silver Spring campus.  Except as so admitted, Defendants deny, generally and specifically, each and every allegation contained in Paragraph 29.

30.     Answering Paragraph 30 of the Complaint, Defendants admit the allegations contained therein.

31.     Answering Paragraph 31 of the Complaint, Defendants deny, generally and specifically, the allegations contained in this paragraph.

32.     Answering Paragraph 32 of the Complaint, Defendants deny, generally and specifically, the allegations contained in this paragraph.

33.     Answering Paragraph 33 of the Complaint, Defendants deny, generally and specifically, the allegations contained in this paragraph.

34.     Answering Paragraph 34 of the Complaint, Defendants deny, generally and specifically, the allegations contained in this paragraph.

35.     Answering Paragraph 35 of the Complaint, Defendants deny, generally and specifically, the allegations contained in this paragraph.

36.     Answering Paragraph 36 of the Complaint, Defendants deny, generally and specifically, the allegations contained in this paragraph.

37.     Answering Paragraph 37 of the Complaint, Defendants assert that the allegations contained therein constitute improper legal arguments and conclusions, and are unintelligible in they refer to unspecified "official[] approv[al]" and "applicable regulations," and deny the allegations contained in Paragraph 37 on these grounds.

38.     Answering Paragraph 38 of the Complaint, Defendants deny, generally and specifically, the allegations contained in this paragraph.

39.     Answering Paragraph 39 of the Complaint, Defendants deny, generally and specifically, the allegations contained in this paragraph.

40.     Answering Paragraph 40 of the Complaint, Defendants deny, generally and specifically, the allegations contained in this paragraph.

41.     Answering Paragraph 41 of the Complaint, Defendants deny, generally and specifically, the allegations contained in this paragraph.

42.     Answering Paragraph 42 of the Complaint, Defendants deny, generally and specifically, the allegations contained in this paragraph.

43.     Answering Paragraph 43 of the Complaint, Defendants deny, generally and specifically, the allegations contained in this paragraph.

44.     Answering Paragraph 44 of the Complaint, Defendants are without knowledge sufficient to form a belief as to what Plaintiff allegedly "discovered," and on that basis deny each and every allegation contained in this paragraph.

45.     Answering Paragraph 45 of the Complaint, Defendants deny, generally and specifically, the allegations contained in this paragraph.

46.     Answering Paragraph 46 of the Complaint, Defendants deny, generally and specifically, the allegations contained in this paragraph.

47.     Answering Paragraph 47 of the Complaint, Defendants assert that the allegations contained in this paragraph are unintelligible in that the Complaints served upon Defendants did not have any attachments marked "Exhibit A," nor was any e-mail or copy thereof attached to the Complaints served upon Defendants, and on that basis Defendants deny, generally and specifically, the allegations contained in this paragraph.

48.     Answering Paragraph 48 of the Complaint, Defendants are without information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained in this paragraph.

49.     Answering Paragraph 49 of the Complaint, Defendants are without information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained in this paragraph.

50.     Answering Paragraph 50 of the Complaint, Defendants are without information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained in this paragraph.  Defendants further deny that Plaintiff was given any illegal "instructions," as alleged or otherwise.

51.     Answering Paragraph 51 of the Complaint, Defendants deny, generally and specifically, the allegations contained therein.

52.     Answering Paragraph 52 of the Complaint, Defendants deny, generally and specifically, the allegations contained therein.

53.     Answering Paragraph 53 of the Complaint, Defendants deny, generally and specifically, the allegations contained therein.

54.     Answering Paragraph 54 of the Complaint, Defendants deny, generally and specifically, the allegations contained therein.

55.     Answering Paragraph 55 of the Complaint, Defendants deny, generally and specifically, the allegations contained therein.

56.     Answering Paragraph 56 of the Complaint, Defendants incorporate their responses to the allegations in Paragraphs 1 through 55 of the Complaint, and admit, deny or assert as though fully set forth at this point.

57.     Answering Paragraph 57 of the Complaint, Defendants assert that the allegations contained therein constitute improper legal arguments and conclusions, and deny them on that ground.

58.     Answering Paragraph 58 of the Complaint, Defendants deny, generally and specifically, the allegations contained therein.

59.     Answering Paragraph 59 of the Complaint, Defendants deny, generally and specifically, the allegations contained therein.

60.     Answering Paragraph 60 of the Complaint, Defendants deny, generally and specifically, the allegations contained therein.

61.     Answering Paragraph 61 of the Complaint, Defendants deny, generally and specifically, the allegations contained therein.

62.     Answering Paragraph 62 of the Complaint, Defendants deny, generally and specifically, the allegations contained therein.

63.     Answering Paragraph 63 of the Complaint, Defendants deny, generally and specifically, the allegations contained therein.

64.     Answering Paragraph 64 of the Complaint, Defendants deny, generally and specifically, the allegations contained therein.

65.     Answering Paragraph 65 of the Complaint, Defendants deny, generally and specifically, the allegations contained therein.

66.     Answering Paragraph 66 of the Complaint, Defendants deny, generally and specifically, the allegations contained therein.

67.     Answering Paragraph 67 of the Complaint, Defendants deny, generally and specifically, the allegations contained therein.  Defendants further deny that Plaintiff has suffered any damages of any nature or amount as the result of any conduct of Defendants or any agent or employee of Defendants, or any of them.

68.     Answering Paragraph 68 of the Complaint, Defendants deny, generally and specifically, the allegations contained therein.  Defendants further deny that Plaintiff is entitled to any recovery of any nature or amount as the result of any conduct of Defendants or any agent or employee of Defendants, or any of them.

Answering the demand for judgment at page 12 of the Complaint, Defendants deny that Plaintiff has suffered any damages, or is entitled to any recovery, of any nature or amount as the result of any conduct by Defendants or any agent or employee of Defendants, or any of them.

69.     Answering Paragraph 69 of the Complaint, Defendants acknowledge that Plaintiff has demanded a trial by jury.

## AFFIRMATIVE DEFENSES

Without waiving any of the foregoing denials or assertions, and without accepting the burden of proof on any element for which Plaintiff properly bears such burden at law, Defendants assert the following independent affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

## (Failure to State a Claim)

1.      The Complaint fails to state sufficient facts to constitute a claim upon which relief may be granted against Defendants.

## SECOND AFFIRMATIVE DEFENSE

## (Statutes of Limitations)

2.      The Complaint is barred, in whole or in part, by the applicable statutes of limitation, including but not limited to 31 U.S.C. section 3730, subdivision (h)(3).

## THIRD AFFIRMATIVE DEFENSE

## (Good Faith Reliance)

3.      The Complaint is barred on the ground that defendant acted in good faith conformity with and reliance on regulations, orders, rulings interpretations, practices or policies of the applicable state and federal agencies.

## FOURTH AFFIRMATIVE DEFENSE

## (Legitimate Non-Retaliatory Business Reason)

4.      The Complaint is barred, in whole or in part, because each employment action of which Plaintiff complains, if it occurred at all, was taken for legitimate business reasons that did not violate public policy or any statutory prohibition.

11

## FIFTH AFFIRMATIVE DEFENSE

## (Treatment No Different in the Absence of Discriminatory Motive)

5.        Plaintiff's Complaint is barred on the grounds that even assuming, *arguendo*, that any retaliatory motive existed, which it did not, Plaintiff would have been treated no differently in the absence of such discriminatory motive.

## SIXTH AFFIRMATIVE DEFENSE

## (Failure to Mitigate)

6.        The Complaint IS barred, in whole or in part, by Plaintiff's failure to mitigate damages as required by law.

## SEVENTH AFFIRMATIVE DEFENSE

## (Causation by Plaintiff)

7.        The Complaint is barred, in whole or in part, because any damages or injuries that Plaintiff allegedly suffered were caused by Plaintiff's own conduct and actions, and not because of any unlawful conduct or actions by Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

## (Unclean Hands)

8.        The Complaint is barred by the doctrine of unclean hands because of Plaintiff's conduct and actions.

## NINTH AFFIRMATIVE DEFENSE

## (Estoppel)

9.        The Complaint is barred because Plaintiff is estopped from asserting the claim alleged therein.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver)

10.      The Complaint is barred because Plaintiff has waived the right, by reason of his conduct and actions, to assert the claim alleged therein.

WHEREFORE, Defendants pray for judgment as follows:

1.      That judgment be entered in favor of Defendants and against Plaintiff;

2.      That the Complaint herein be dismissed in its entirety with prejudice;

3.      That Defendants be awarded their costs of suit herein;

4.      That Defendants be awarded reasonable attorneys' fees as determined by the Court; and

5.      For such other and further relief as the Court may deem just and proper.

Dated: May 1, 2013          Respectfully submitted,

                    /s/ David B. Hamilton

David B. Hamilton (Fed. Bar No. 04308)
James P. Scholtes (Fed. Bar No. 28362)
Womble Carlyle Sandridge & Rice, LLP
250 West Pratt Street, Suite 1300
Baltimore, Maryland 21201
(410) 545-5800 (telephone)
(410) 545-5801 (facsimile)
david.hamilton@wcsr.com
jp.scholtes@wcsr.com

*Counsel for Defendants Corinthian Colleges, Inc. and Rhodes Colleges, Inc.*

13